ARTHUR H. LAMBORN et al., Copartners under the Firm Name of LAMBORN & COMPANY, Appellants, *v*. SEGGERMAN BROTHERS, INC., Respondent.

Sale — delivery to carrier for transmission to buyer of quantity greater than amount contracted for not an appropriation of goods sufficient to pass title — contract for sale of specific carload of goods — delivery to buyer of invoice for amount of order calling for delivery from carload containing greater quantity than that ordered does not pass title to purchaser — purchase price, paid upon receipt of invoice, may be recovered where merchandise was never delivered — clause in contract that goods shipped to seller's order were at risk of buyer — responsibility transferred only by such delivery as seller was authorized to make — circumstances not open to construction that plaintiffs assumed risk of loss upon goods to which they never obtained title.

1. A delivery by a seller to a carrier, even for the purpose of transmission to the buyer, of a quantity greater than the amount called for by the contract does not constitute an appropriation of goods to the buyer's contract which constitutes a delivery to the buyer sufficient to pass property in any of the goods.

2. Where, by the terms of a written contract, defendant agreed to ship to the plaintiffs 1,200 boxes of apples referred to as a " specific car of apples " and defendant never appropriated to the contract any particular 1,200 boxes but upon being notified of a shipment to it of a car of apples containing 1,770 boxes delivered to the plaintiffs an invoice for 1,200 boxes accompanied by an order addressed to the

delivery clerk in its own place of business calling for delivery of 1,200 boxes from the expected car, upon which plaintiffs paid defendant the agreed price but never received the apples, they having been seized by the government before arrival, no title to the apples ever passed to the plaintiffs and they are entitled to a return of the amount paid.

3. Although the contract contained a clause that notwithstanding the goods were shipped to seller's order, they were at risk of buyer after delivery to carrier, the delivery to the carrier which would transfer responsibility to the buyer was only such delivery as the seller was authorized to make. The plaintiffs never agreed to purchase an undivided share in a mass; they never authorized shipment of 1,200 boxes of apples as part of a mass or even as part of a pool car, for their contract refers to a specific carload and to 1,200 boxes of apples to be ascertained and appropriated before shipment.

4. The fact that plaintiffs made payment upon presentation not of a bill of lading, but of a delivery order, and that two months thereafter when they discovered that the apples were shipped under a bill of lading for 1,770 boxes, they still evinced a willingness to accept the bill of lading for the larger amount as a sufficient delivery, cannot be regarded as sufficient to place upon the plaintiffs the risk of loss without delivery of the bill of lading or transfer of title to them. These circumstances are not open to the construction that the plaintiffs were willing to assume a risk of loss upon goods to which they never obtained title or to substitute for a right to the delivery of apples as called for by the contract a beneficial interest as tenants in common with others to a claim for damages, title to which still remained in the seller.

*Lamborn* v. *Seggerman Brothers*, 209 App. Div. 869, reversed.

(Argued March 4, 1925; decided March 31, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1924, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Louis O. Van Doren, Alfred C. B. Mc Nevin* and *Edward S. Bentley* for appellants. Under the contract between the parties, the respondent was obliged to cause shipment of 1,200 boxes of dried apples to be made and to obtain therefor a clean railroad bill of lading. The respondent never made that shipment or procured such a bill of lading. (*Miller* v. *Harvey*, 221 N. Y. 54.) There was

never either actual or constructive delivery to Lamborn & Co. of 1,200 boxes of dried apples, nor did the property in such goods ever pass to Lamborn & Co. (*Rosenberg v. Buffum*, 234 N. Y. 338; *Bruce v. Pearson*, 3 Johns. 534; *Lopez v. Isaacs*, 210 App. Div. 601; *Healy v. Howlett & Sons*, [1917] 1 K. B. 337; *Smiley Steel Co. v. Schmoll*, 200 App. Div. 655; 235 N. Y. 520; *Procter & Gamble Co. v. Peters, White & Co.*, 233 N. Y. 97.) The present action for money had and received will lie to recover the purchase price paid by Lamborn & Co. to Seggerman, for which Lamborn & Co. received nothing. (*Bier v. Bash*, 107 App. Div. 429; 186 N. Y. 565; *Addington v. Forsyth Metal Goods Co.*, 234 N. Y. 93.)

*Benno Lewinson* for respondent. The " delivery-order " was a sufficient compliance with the terms of this provision of the contract. (*Horst v. Montauk Brewing Co.*, 118 App. Div. 301; *Salomon v. Brandmeiser*, 104 App. Div. 67; *Dunnder v. Pettee*, 8 N. Y. 508.) Plaintiffs waived any right they may have had to object to the delivery order. (*Mutual Chemical Co. v. Marden, Orth & Hastings Co.*, 235 N. Y. 145; *Gourd v. Healy*, 206 N. Y. 423; *Dwane v. Weil*, 199 App. Div. 719.) The reference in the contract between the parties to the car covered by the original contract No. 4750 is descriptive only, and is intended to be a means of identification of the goods in question. (*Raphael v. Hulett M. Co.*, 188 N. Y. Supp. 209; *Rosenberg Bros. v. Buffum Co.*, 234 N. Y. 338.)

LEHMAN, J. On or about July 30, 1919, the plaintiffs and defendant entered into a written contract upon a form which is apparently generally known as the " California Dried Fruit Contract." In that contract it was provided that the plaintiffs bought and the defendant sold " 1,200 /50 lb. boxes Calif. Evap. apples — Extra Choice Quality — 1919 crop." Shipment was to be made in September or October. The price was 22½ cents per

pound " F. O. B. Pacific Coast Rail Shipping Point. * * * Payment to be made against draft with documents attached." There was a special provision typewritten in the contract: " It is understood and agreed that Seggerman Bros. are reselling a specific car of apples covered by an original contract No. 4750 dated July 11th, with Rosenberg Bros. & Co., San Francisco, Calif., and that Seggerman Bros. liability is limited to the terms and conditions of the original contract and delivery of actual goods received by them under same. Recourse, if any, for the account of Lamborn & Co." " Contract No. 4750, dated July 11th " between the defendant and Rosenberg Bros. referred to in defendant's contract with the plaintiffs was also upon the " California Dried Fruit Contract " form. It called for shipment in September or October of " 1200 /50 lb. boxes Ex. Ch. Apples (California Apples, 1919 crop)." On October 30, 1919, the Southern Pacific Company issued a bill of lading to the order of Rosenberg Bros. & Co., " notify Seggerman Bros." for 1770 /50 lb. boxes of evaporated apples; car No. 160527. Thereafter the defendant delivered to the plaintiffs an invoice for 1,200 boxes accompanied by an order addressed to the delivery clerk in their own place of business which called for the delivery of 1,200 boxes Evap. Apples " Ex car U. P. 160527." Upon receipt of these documents the plaintiffs paid to the defendant $13,377, the price at which the apples were billed upon the invoice after deducting a discount of 2% to which they were entitled under the terms of their contract. The apples shipped to New York by Rosenberg Bros. & Co. were seized by United States government officials before they arrived in New York. The circumstances leading up to such seizure are not disclosed and are not relevant to any question before us. It is sufficient that as a result the apples shipped from California never arrived in New York and the plaintiffs have never received 1,200 boxes of apples for which they have paid. They

have now brought this action to recover the price so paid and the defendant has until now successfully resisted such recovery upon the plea that under the terms of the contract any loss must fall upon the buyer.

The contract provides that the defendant's liability is limited to the " delivery of actual goods " received by it under the contract with Rosenberg Bros. & Co. It has received from Rosenberg Bros. & Company 1,200 boxes of apples as part of a total shipment of 1,770 boxes. These apples have been seized. All that remains is a possible claim against some party. If the defendant has complied with its contract; if it has made delivery of the goods it has received; if title has passed to the plaintiffs, then the plaintiffs were bound to pay the agreed price and there has been no failure of consideration for such payment and there can be no recovery under the contract. On the other hand, if the defendant's obligation to transfer title to the apples it received still remained open, then its contract was entirely unperformed and upon failure to perform, even though performance was frustrated without its fault, restitution of the consideration received still remains. (*Sokoloff* v. *National City Bank*, 239 N. Y. 158.)

Although in form the agreement between the parties is one of present sale of specific goods, it is in fact a contract to sell goods which were then unascertained. The defendant had not yet received from Rosenberg Bros. & Company the 1,200 boxes which it agreed to sell to the plaintiffs, but had merely a contract for the future delivery of that number of boxes. Having no property in ascertained goods it could transfer no property. Only when the goods were delivered to the plaintiffs by the defendant or appropriated to the plaintiffs' contract with the plaintiffs' consent would property in the goods and the consequent risk of loss pass to the plaintiffs. This was the evident intention of the parties as disclosed by the contract, and is in accordance with the rules for ascertaining inten-

tion as provided in section 100, Personal Property Law (Cons. Laws, ch. 41). Undoubtedly, the parties contemplated that when Rosenberg Bros. & Company delivered 1,200 boxes of apples to a carrier for the purpose of transmission to the defendant, and property in the apples so delivered passed to the defendant, the defendant would immediately transfer the property to the plaintiffs. The plaintiffs undoubtedly consented in advance to the appropriation of the 1,200 boxes of apples the defendant received under his contract with Rosenberg Bros. & Company to its contract with them, for the contract required such appropriation, but until such appropriation was made the risk of loss did not pass to the plaintiffs. Both the contract for the purchase of the apples from Rosenberg Bros. & Company and the contract for the sale of the apples to the plaintiffs provided for shipment in September or October. Both contained a clause: " Responsibility. Notwithstanding shipped to seller's order, goods are at risk of buyer from and after delivery to carrier, and Buyer hereby assumes responsibility as to shortage, loss, delay or damage in transit upon issuance by Carrier of clean Bill of Lading or shipping receipt." Under both contracts there was a consent in advance to appropriation of goods to the contract by delivery of goods to the carrier for transmission to the buyer in accordance with the terms of the contract and appropriation made in accordance with such consent would pass title and attendant risk of loss, but in the present case there has been no such appropriation by the defendant of any ascertained goods to the plaintiffs' contract. The delivery to the carrier which would transfer responsibility to the buyer was only such delivery as the seller was authorized to make and the " clean bill of lading or shipping receipt," referred to in the contract, was a shipping document issued upon such delivery. A delivery by a seller to a carrier, even for the purpose of transmission to the buyer, of a quantity greater than the amount called for by the

contract does not constitute an appropriation of goods to the buyer's contract which constitutes a delivery to the buyer sufficient to pass property in any of the goods. " In order for the property to so pass the seller must have acted in conformity with authority given by the buyer." (Williston on Sales [2d ed.], sec. 278.) Here the defendant was authorized to ship to the plaintiffs 1,200 boxes which under the contract were referred to as a " specific car of boxes." The parties contemplated a definite appropriation of a particular 1,200 boxes to the contract. The defendant never appropriated to this contract any particular 1,200 boxes; the boxes it was required to deliver still remained part of a mass and were shipped, not as a " specific car," but as a part of a carload. They were not delivered to the carrier for transmission to the plaintiffs, but for transmission to the defendant. Although under plaintiffs' contract shipment was to be made " order, notify," no shipping document was ever obtained under which the plaintiffs were entitled to notice of arrival. Concededly, the plaintiffs could obtain no title to any particular boxes unless the boxes were separated and some appropriated to plaintiffs' contract by virtue of the delivery order issued by defendant to its own delivery clerk, and when the loss occurred all that remained was a claim against some party who may have been guilty of some wrong, and even that claim has never been transferred to plaintiffs, but when the loss occurred the defendant made the claim for the benefit of all parties who might have a right to any share in the whole mass of apples contained in the car. The plaintiffs never agreed to purchase an undivided share in a mass; they never authorized shipment of 1,200 boxes of apples as part of a mass or even as part of a pool car, for their contract refers to a specific carload and to 1,200 boxes of apples to be ascertained and appropriated before shipment and no title to any apples has ever passed to the plaintiffs.

We have not overlooked the fact that plaintiffs made payment upon presentation, not of a bill of lading, but of a delivery order, and that two months thereafter when they discovered that the apples were shipped under a bill of lading for 1,770 boxes, they still evinced a willingness to accept the bill of lading for the larger amount as a sufficient delivery. We do not think these circumstances can be regarded as sufficient to place upon the plaintiffs the risk of loss without delivery of the bill of lading or transfer of title to them. These circumstances are not open to the construction that the plaintiffs were willing to assume a risk of loss upon goods to which they never obtained title or to substitute for a right to the delivery of apples as called for by the contract a beneficial interest as tenants in common with others to a claim for damages, title to which still remained in the seller. They paid a consideration for the transfer of title to them and when the transfer of title became impossible, they became entitled to a return of the consideration.

The judgment below should be reversed and judgment granted in favor of the plaintiffs, with costs in all courts.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgment accordingly.